1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Plaintiff,                    No. 2:08-cr-00346 LKK

12        vs.

13   ISMAEL GINES SANDOVAL,

14              Defendant.                    <u>ORDER</u>

15   _____/

16              Before the court is plaintiff's motion for discovery, which seeks an order

17   compelling defendant to provide plaintiff with discovery consistent with Federal Rule of

18   Criminal Procedure 16(b).  (Dkt. No. 39.)  For the reasons stated below, the court grants

19   plaintiff's motion for discovery.

20   I.        <u>BACKGROUND</u>

21              Defendant made an initial appearance and was arraigned on July 31, 2008.  (Dkt.

22   No. 4.)  The trial in this case is set for March 9, 2010.  (Dkt. No. 41.)

23              In a letter dated August 6, 2008, Assistant Federal Defender Lauren Cusick

24   requested that plaintiff provide open-file discovery or, alternatively, compliance with specific

25   discovery requests contained in the letter.  (Mot. For Discovery, Ex. 1.)  On August 26, 2008,

26   December 18, 2008, and August 13, 2009, plaintiff transmitted letters to Ms. Cusick enclosing

1  responsive discovery or making available for inspection material responsive to defendant's

2  discovery requests.  (Mot. For Discovery, Exs. 2-4.)

3            In each of its response letters, plaintiff also requested reciprocal discovery from

4  defendant pursuant to Federal Rule of Criminal Procedure 16(b) and Local Rule 440.  (Id.)  Each

5  of these letters further stated that plaintiff would seek to bar the introduction and use at trial any

6  evidence not produced by defendant in response to plaintiff's reciprocal discovery request.  (Id.)

7  Nothing in the record or the court's docket suggests that defendant ever complied with or

8  responded to plaintiff's discovery requests.

9            Plaintiff filed its motion for discovery on December 15, 2009.  Plaintiff's motion

10  seeks an order compelling defendant to provide responsive discovery by February 26, 2010, and

11  requiring defendant to provide additional discovery under continuing disclosure obligations.

12  (Mot. for Discovery at 4.)  Although plaintiff previously communicated to defendant its intent to

13  seek to bar the introduction of evidence not produced in response to its discovery request,

14  plaintiff's motion for discovery contains no request for sanctions.

15            Defendant failed to file an opposition to plaintiff's motion within seven days as

16  required by Local Rule 430.1(d), has not filed an opposition as of the date of this order, and has

17  not requested an extension of time.  Accordingly, defendant is not entitled to be heard in

18  opposition to plaintiff's motion at oral argument.  Id. ("No party will be entitled to be heard in

19  opposition to a motion at oral argument if that party has not timely filed an opposition to the

20  motion.").

21  II.    DISCUSSION

22            Federal Rule of Criminal Procedure 16(b) prescribes a criminal defendant's

23  reciprocal discovery obligations at issue here and states, in relevant part:

24            **(b) Defendant's Disclosure.**

25                **(1) Information Subject to Disclosure.**

26                    **(A) Documents and Objects.** If a defendant requests

disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

        **(i)** the item is within the defendant's possession, custody, or control; and

        **(ii)** the defendant intends to use the item in the defendant's case-in-chief at trial.

        **(B) Reports of Examinations and Tests.** If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

        **(i)** the item is within the defendant's possession, custody, or control; and

        **(ii)** the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

        **(C) Expert witnesses.**--The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if--

        **(i)** the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

        **(ii)** the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

        This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

        **(2) Information Not Subject to Disclosure.** Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:

        **(A)** reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the

case's investigation or defense; or

  **(B)** a statement made to the defendant, or the defendant's attorney or agent, by:

   **(i)** the defendant;

   **(ii)** a government or defense witness; or

   **(iii)** a prospective government or defense witness.

Rule 16(c) imposes a continuing obligation on all parties to disclose additional, discoverable evidence or material discovered before or during trial that is responsive to a party's previous request or a court order.  <u>See</u> Fed. R. Crim. P. 16(c).

  Here, defendant requested discovery from plaintiff that encompassed requests for documents and objects pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), and reports of examinations and tests pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E).  (<u>See</u> Mot. for Discovery, Ex. 1 at 1-2.)  Plaintiff appears to have complied with defendant's requests (<u>id</u>., Exs. 2-4), and nothing in the record suggests that Defendant raised any objections to the sufficiency of plaintiff's responsive disclosures.

  On three occasions, plaintiff requested reciprocal discovery from defendant pursuant to Federal Rule of Criminal Procedure 16(b) and Local Rule 440.  (<u>Id</u>.)  Because plaintiff complied with defendant's discovery request, defendant was obligated to provide appropriate discovery within 21 days of plaintiff's request unless otherwise ordered by the court.  <u>See</u> Fed. R. Crim. P. 16(b)(1); Local Rule 440(c).  Specifically, defendant was obligated to provide "documents and objects" and "reports of examinations and tests" as required by Rules 16(b)(1)(A) and 16(b)(1)(B), respectively.  Fed. R. Crim. P. 16(b)(1)(A), (B).  Defendant did not provide plaintiff with the requested discovery or otherwise respond to plaintiff's requests.  Similarly, defendant has not filed an opposition to plaintiff's motion for discovery.

  The court concludes that plaintiff's motion for discovery should be granted.  Defendant is obligated to comply with the disclosure obligations stated in Rules 16(b)(1)(A) and

16(b)(1)(B) of the Federal Rules of Criminal Procedure, subject to the exclusions from disclosure stated in Rule 16(b)(2).  Defendant need not comply with expert witness disclosure requirements stated in Rule 16(b)(1)(C) because plaintiff did not request any related information.

III.    CONCLUSION

        For the foregoing reasons, the court hereby ORDERS that:

        1.      Plaintiff's motion for discovery is granted;

        2.      Defendant shall provide plaintiff with discovery consistent with his obligations under Federal Rule of Criminal Procedure 16(b) and as stated above on or before February 26, 2010 at 2:00 p.m.  Defendant's obligation to provide discovery is a continuing one. See Fed. R. Crim. P. 16(c); Local Rule 440(d).

        3.      The hearing on plaintiff's motion presently set for February 26, 2010 will remain on calendar.  If defendant complies with this order prior to the hearing, the parties shall notify the court and the hearing may be vacated.  If defendant fails to comply within the prescribed time, the parties shall appear in front of the court and be prepared to discuss (1) whether defendant and/or his counsel should be subject to sanctions for their failure to provide discovery to plaintiff within twenty-one days of plaintiff's repeated discovery requests, and (2) the appropriate nature of the requested sanction, if any.

        **IT IS SO ORDERED.**

DATED:  February 19, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26